[35 NYS3d 202]

In the Matter of ROBERT C. FISHMAN, a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE NINTH JUDICIAL DISTRICT, Petitioner.

Second Department, June 29, 2016

APPEARANCES OF COUNSEL

*Gary L. Casella*, White Plains (*Antonia Cipollone* of counsel), for petitioner.

OPINION OF THE COURT

Per Curiam.

By order filed on February 18, 2011, the Supreme Court of California disbarred the respondent in that state and struck his name from the roll of attorneys. The order was predicated on a proceeding commenced in the California State Bar Court under case No. 09-C-10197. Pursuant to a stipulation in the California State Bar Court proceedings, filed October 21, 2010, the respondent admitted as follows:

On December 29, 2004, the respondent registered with Yahoo! Groups under a fictitious name. Between December 2004 and August 2007, the respondent maintained two email addresses from which he accessed Yahoo! Groups. From on or about August 11, 2005 through March 2007, the respondent posted, among other things, photos, and "jpg files" containing child pornography and child erotica on a Yahoo! Group. He admitted that for purposes of this stipulation, child pornography includes depictions of pre-pubescent children engaging in sexual acts including genital penetration. Between March and

July 2007, the respondent actively communicated with others regarding images of child pornography, posting, transmitting, and exchanging images.

In July 2007, the Los Angeles Regional Internet Crimes Against Children Task Force (hereinafter the LA Task Force) obtained the billing information related to the respondent's IP address. Subsequently, activity-monitoring software conclusively identified the respondent as an LA Task Force suspect. On August 2, 2007, officers of the Los Angeles Police Department (hereinafter LAPD) Juvenile Division obtained and executed a search warrant at the respondent's home. When the respondent was made aware that the LAPD believed that some member of his household was viewing, downloading, uploading, and exchanging child pornography, he responded, "It's me and nobody else." The respondent directed the search to the computer in the home office, and indicated that there would likely be evidence of child pornography on the other computers in the house. The respondent also admitted that he collected printed material or DVDs which he kept in an unlocked briefcase in the trunk of his car. The detectives discovered a black nylon briefcase in the trunk of the respondent's car, which contained 215 printed images, many of which depicted images that constitute child pornography. A second black briefcase was discovered behind the driver's seat, which contained an additional 92 printed images of child erotica and/or child pornography.

On August 2, 2007, the respondent was placed under arrest, and his home computer and an attached hard drive were retained by a Special Master. The LA Task Force also conducted a forensic examination of the desktop computer on the respondent's desk at the law offices at which he was employed, and the hard drive was retained by the Special Master. A post-arrest review of the property recovered from the respondent's residence and work address determined that it contained, among other things, 307 color and black/white photos of child pornography and 255 videos of child pornography.

On October 14, 2008, a criminal complaint was filed against the respondent in the Superior Court of California, County of Los Angeles, in an action entitled *People v Robert Fishman*, case No. BA335615, charging him with seven felony counts. On December 19, 2008, the respondent entered a plea of nolo contendere to two counts of possession of child pornography in violation of California Penal Code § 311.11 (a). That same day,

the Court accepted the respondent's plea and he was convicted. The respondent failed to report his conviction to the California State Bar.

The foregoing stipulation was approved by the California State Bar Court and the respondent was transferred to involuntary inactive status by order dated October 20, 2010. By order filed on February 18, 2011, the Supreme Court of California disbarred the respondent in that state, and struck his name from the roll of attorneys.

Although he was served by the Grievance Committee for the Ninth Judicial District with a notice pursuant to 22 NYCRR 691.3 on February 11, 2016, the respondent has not filed a verified statement. Since the respondent has neither asserted any defenses nor demanded a hearing, there is no impediment to the imposition of reciprocal discipline.

Based on the discipline imposed by the Supreme Court of California, the Grievance Committee's application to impose reciprocal discipline is granted, and the respondent is disbarred, effective immediately. In view of the respondent's disbarment, the disciplinary proceeding authorized by decision and order on motion of this Court dated August 28, 2015 is discontinued.

ENG, P.J., RIVERA, DILLON, BALKIN and HALL, JJ., concur.

Ordered that the application of the Grievance Committee to impose reciprocal discipline on the respondent, Robert C. Fishman, is granted; and it is further,

Ordered that pursuant to 22 NYCRR 691.3, effective immediately, the respondent, Robert C. Fishman, a suspended attorney, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent, Robert C. Fishman, shall continue to comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (see 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, Robert C. Fishman, is commanded to continue to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee or another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding

himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Robert C. Fishman, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f); and it is further,

Ordered that the disciplinary proceeding against the respondent authorized by the decision and order on motion of this Court dated August 28, 2015 is discontinued.